## Lesco Construction Co. v. Goldstein

*Byron R. La Van,* for plaintiff.

*Milton P. King,* for defendants.

SPAETH, J., January 2, 1968.—Defendants have filed preliminary objections in the nature of a petition to strike off a mechanic's lien claim.

The claim was filed on February 15, 1966. The Mechanics' Lien Law of August 24, 1963, P. L. 1175, art. V, sec. 502, 49 PS §1502, requires that within one month after a claim is filed, written notice must be served upon the owner, and within 20 days after the notice has been served, an affidavit of the service must be filed. These requirements were met.

On July 25, 1966, plaintiff obtained a rule upon defendants to show cause why the lien claim should not be amended. On August 11th, the rule was made absolute, and on August 24th, an amended claim was filed. On September 16th, defendants filed preliminary objections to the amended claim. Defendants' attorney, however, has filed no brief in support of these objections, which will, therefore, be dismissed as abandoned. On October 4th, defendants filed an additional preliminary objection to the amended claim. On December 16th, plaintiff filed an answer to the additional objection. The additional objection has been briefed and was argued on October 17, 1967; it will be ruled upon now.

The additional objection is that "no notice of the filing of the Amended Mechanics' Lien and claim was given or made as is required by section 502 of the Mechanics' Lien Law . . ." The answer is that on August 24, 1966, notice "was properly given or made to [defendants] through their attorney of record . . ." Defendants' attorney does not deny that notice was given to him. However, he argues that it was insufficient, because not followed by an affidavit of service. For this, he relies upon Day and Zimmerman, Inc. v. Blocked Iron Corp. of America, 15 D. & C. 2d 51 (C. P.

Phila. Co., 1958), affirmed 394 Pa. 386, 147 A. 2d 332 (1959).

Day and Zimmerman, however, is inapplicable. It only held that it was not enough to give notice to a defendant's attorney that a lien had been filed; an affidavit of service of the notice also had to be filed; and if an affidavit had not been filed, the lien would be stricken as never perfected. Here, however, as has been mentioned, after the lien was filed, notice of the filing was served, and the requisite affidavit of service was filed. Thus, the lien was perfected, so that the question is not, as in Day and Zimmerman, whether a lien that was never perfected should be stricken, but whether a lien, even though perfected, should be stricken, because, after the claim was amended by leave of court, no affidavit of service of notice of the amendment was filed.

The answer to this question will not be found in section 502 of the Mechanics' Lien Law of 1963, which refers only to what must be done to perfect a lien, but, rather, in section 504, 49 PS §1504, which provides, in part, that "A claim may be amended from time to time . . . by leave of court . . ." There is no provision in section 504 requiring that notice of the amendment must be given. Nor was any provision necessary. The legislature was entitled to assume that, when a court grants one party leave to amend, the court clerk will ensure that notice is given to any other party. Here, plaintiff's attorney did not rely upon the clerk, but himself gave notice to defendants, appropriately by notice to defendants' attorney. There was no need for plaintiff's attorney to do even more, by filing an affidavit of service.

ORDER

And now, January 2, 1968, defendants' preliminary objections and additional preliminary objection are dismissed.